IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRAVIS DEVON GARY, #358-878     *

            Plaintiff        *

           v.           *    CIVIL ACTION NO. L-11-963

DEPARTMENT OF PUBLIC SAFETY    *
   AND CORRECTIONAL SERVICES,
   et al.                    *

         Defendants       *

******

## MEMORANDUM OPINION

Pending are Defendants Department of Public Safety and Correctional Services,[1] Officer Belton, and Officer Millburn's Motion to Dismiss or for Summary Judgment (ECF No. 20) and Plaintiff's response (ECF Nos. 22 and 23). Upon review of papers and exhibits filed, the Court finds an oral hearing in this matter unnecessary. See Local Rule 105.6 (D. Md. 2011).

### Background

Plaintiff alleges that on October 14, 2010, while housed at the Eastern Correctional Institution ("ECI") he was stabbed repeatedly by another inmate. ECF No. 1. Plaintiff states that Officer Millburn was in charge of the daily operation of the housing unit and Officer Belton was the

---

[1] Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. See Penhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in State courts, see Md. State Gov't. Code Ann., § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. Thus, Plaintiff's Complaint against the Department of Public Safety and Correctional Services, an agency within the State of Maryland, is barred by the Eleventh Amendment.

wing tier officer.  Plaintiff alleges that the tier had "just come off lock down that morning so officers should have known something was going on."  ECF No. 5.  Plaintiff states that if the officers had supervised the unit differently the assault would not have occurred.  Id. Plaintiff was ultimately transported to Shock Trauma as a result of the attack and indicates he continues to suffer physical and psychological symptoms arising from the attack.  Id.

### Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'"  Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)).  The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility."  Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses

2

from proceeding to trial." <u>Bouchat</u>, 346 F.3d at 526 (internal quotation marks omitted) (quoting

<u>Drewitt v. Pratt</u>, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing <u>Celotex Corp. v. Catrett</u>, 477 U.S.

317, 323-24 (1986)).

**Analysis**

**Failure to Protect**

Plaintiff alleges that all named Defendants were deliberately indifferent in failing to provide

adequate supervision and security to protect him and as such his right to be free from cruel and

unusual punishment has been violated.  The Eighth Amendment does recognize this right.  <u>See</u>

<u>Belcher v. Oliver</u>, 898 F.2d 32, 34 (4th Cir. 1990).

As noted by the Supreme Court  in <u>Farmer v. Brennan</u>:

> Prison officials have a duty . . .  to protect prisoners from violence at the hands of
> other prisoners.  Having incarcerated persons with demonstrated proclivities for
> antisocial criminal, and often violent, conduct, having stripped them of virtually
> every means of self-protection and foreclosed their access to outside aid, the
> government and its officials are not free to let the state of nature take its course.
> Prison conditions may be restrictive and even harsh, but gratuitously allowing the
> beating or rape of one prisoner by another serves no legitimate penological objective
> any more than it squares with evolving standards of decency.  Being violently
> assaulted in prison is simply not part of the penalty that criminal offenders pay for
> their offenses against society.

511 U.S. 825, 833 (1994) (internal quotations and citations omitted).  In a failure to protect claim, a

prisoner must show, first, that the harm he suffered was objectively serious, and second, that prison

officials acted with deliberate indifference.  <u>Id.</u> at 834.

The undisputed evidence before the Court reveals that Plaintiff was stabbed repeatedly,

which cause him to suffer a lacerated inferior auricular.  This required treatment in the prison

medical clinic, transfer to the local emergency room, and then transport to the University of

3

Maryland Shock Trauma Hospital for further medical care.  ECF Nos. 1, 5 and 20, Ex. A.  Clearly,

Plaintiff has satisfied the first prong of the <u>Farmer</u> test.  The second element is more problematic.

Deliberate indifference in the context of a failure to protect claim means that a defendant

"knows of and disregards an excessive risk to inmate health or safety; the official must both be

aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,

and he must also draw the inference."  <u>Farmer</u>, 511 U.S. at 837.  Unless a prison official actually

makes this inference, he does not act with deliberate indifference, even where his actions violate

prison regulations or can be described as stupid or lazy.  <u>Rich v. Bruce</u>, 129 F.3d 336, 339-40 (4th

Cir. 1997); <u>see</u> <u>also</u> <u>Lewis v. Richards</u>, 107 F.3d 549, 553 (7th Cir. 1997) ("[T]he fact that an inmate

sought and was denied protective custody is not dispositive of the fact  that prison officials were

therefore deliberately indifferent to his safety.").

As noted above, a prison official is deliberately indifferent when he possesses actual,

subjective knowledge of an excessive risk of harm to the prisoner's safety and disregards it.  <u>Farmer</u>,

511 U.S. at 837-39.  The uncontroverted record evidence demonstrates that on October 14, 2010,

Defendant Belton observed several inmates quickly walking away from the lower C tier recreation

hall in Housing Unit 6.  ECF No. 20, Ex. A, Internal Investigations Unit Report at 6.  Belton notified

Defendant Milbourne, who was the sergeant and officer in charge of Housing Unit 6.  Belton and

Milbourne went to the C tier to investigate and found Plaintiff standing in the shower bleeding and

applying pressure to a wound on his neck.  They escorted Plaintiff to the on-site medical clinic

where he was examined and provided with initial treatment by Nurse Ellen Moyer.  Moyer observed

that

4

Plaintiff had suffered several stab wounds and lacerations to his back, shoulders, and head.  Plaintiff offered no explanation as to what had happened and could not or would not identify his attackers. Id. at 16.

Immediately after the discovery of the assault, Housing Unit 6 was placed on lock-down, which restricted movement of inmates in the area.  Correctional staff did not recover the weapon(s) used in the attack on Plaintiff.  Id. at 2, 6 and 16.  An internal investigation was undertaken and Sergeant Sage was assigned to Plaintiff's case.  He interviewed Plaintiff on October 18, 2010. Plaintiff refused to provide a statement and indicated that he did not wish to pursue the matter or press criminal charges.  Due to the lack of evidence and Plaintiff's lack of cooperation, Sage closed the investigation.  Id. at 7.  Defendants indicate that Plaintiff is a verified member of the "Bloods" gang and it is believed that the attack upon Plaintiff was gang related.  Id. at 31.  Plaintiff states that he is no longer affiliated with the "Bloods", having left the gang in 2008.  ECF Nos. 22 and 23.

There is simply no evidence before the Court that Defendants were deliberately indifferent to Plaintiff's safety.  Rather, the evidence demonstrates that the officers on duty responded in a timely and professional manner to a spontaneous assault upon Plaintiff.   Plaintiff does not allege, nor is there any evidence, that he notified any staff member that he was in fear for his safety prior to the assault.  Further, there is no evidence that any conduct of the named Defendants had any bearing on the attack on Plaintiff or that any prison security policy was undertaken with a conscious disregard for Plaintiff's safety.

In a prison setting,  confrontations among inmates are a daily occurrence as prisoners engage in an unending struggle for position and power among themselves.  Such altercations among inmates are common and are, more than likely, ones with which prison staff are all too familiar.   Advance

notification of a substantial risk of assault posed by a particular fellow prisoner is not required to sustain a claim under the Eighth Amendment, <u>Farmer</u>, 511 U.S. at 849.  Moreover, the record is devoid of evidence that Defendants were subjectively aware that Plaintiff was subject to an excessive risk of harm.  Plaintiff does not allege that he feared for his safety or undertook any effort to notify Defendants or other prison officials that he feared for his safety.  Nothing suggests that Plaintiff told Defendants that he was likely to be assaulted by his assailants or the assailants were out to cause him harm.  Plainly, the assault was spontaneous and unexpected.   In short, Plaintiff has failed to come forth with any evidence that prison officials were, in fact, aware of an excessive risk of harm to his safety.

Even if the Court could conclude that Defendants were aware of the risk of harm to Plaintiff, the evidence of record simply is not sufficient to show that Defendants were deliberately indifferent to the consequences that might flow from such risk.  "Prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted.  A prison official's duty under the Eighth Amendment is to ensure 'reasonable safety.'"  <u>Farmer</u>, 511 U.S. at 844.  There is nothing in the record that suggests that the officers on duty did not respond promptly when they suspected something was amiss, rather, they then immediately provided medical assistance to Plaintiff, locked down the tier, and investigated the matter.  Plaintiff has presented no evidence to show that correctional employees failed to respond reasonably in the face of knowledge of the attack.

Plaintiff, the non-moving party, must establish the existence of a genuine issue of material fact by presenting evidence from which a fact-finder could reasonably find in his favor.  Plaintiff has failed to submit evidence to support his claim, or to put the material fact of this case--the alleged

failure to protect--in dispute.  <u>See</u> <u>generally</u> <u>Gray v. Spillman</u>, 925 F.2d 90 (4th Cir. 1991).

Plaintiff's Complaint describes nothing more than a spontaneous attack upon him, an incident all too

familiar in a prison context.  There is nothing described in the actions of the named Defendants to

demonstrates that such conduct was undertaken with a conscious disregard for Plaintiff's safety.

Accordingly, Defendants' Motion for Summary Judgment shall be granted.

### Conclusion

Defendants' Motion to Dismiss or for Summary Judgment shall be granted.   A separate

Order follows.

January 24, 2012

/s/

_____
Benson Everett Legg
United States District Judge